## KIDDER *v.* KIDDER.

A and B purchased land, taking a deed thereof, running to themselves jointly. Subsequently, at the request of B, A paid the whole of the purchase-money to the vendor, it being understood between A and B that the former was advancing one half of it for the latter. Some time afterwards, a parol agreement was made between A and B, founded upon a sufficient consideration, that A should take the land off B's hands at the price which had been paid for it; but no deed of B's interest in the land was ever tendered or executed by B, notwithstanding he was ready at all times, since said parol agreement was made, to execute and deliver such deed upon the request of A. In a suit by A to recover of B the money thus advanced by him—*Held*, that the above facts constituted no legal defence.

An accord, without satisfaction, is no bar to the original claim.

ASSUMPSIT, by Joseph Kidder against Uriah H. Kidder, for money paid, etc. Plea, the general issue. It appeared that, on November 10, 1866, the plaintiff and the defendant purchased together a piece of land in New Jersey for $700, and took a deed of it running to them jointly. At the request of the defendant the plaintiff subsequently paid, at different times, the whole of the purchase-money, it being understood that in doing so he was advancing one half, or $350 of it, for the de-

fendant. The defendant offered to prove, that, some time after the New Jersey land was conveyed to him and the plaintiff, and after these payments had been made by the plaintiff for him, a parol agreement was entered into between him and the plaintiff, resting upon a sufficient consideration growing out of a purchase by the defendant from the plaintiff of land in Bristol, in this state, that the plaintiff should take the New Jersey land off his hands at the price which had been paid for it. No deed, however, of the defendant's interest in said land was ever tendered or executed by the defendant to the plaintiff, but the defendant has been ready, at all times since said parol agreement was made, to execute and deliver such deed whenever requested by the plaintiff to do so.

The court ruled, *pro forma*, that these facts would not constitute a legal defence; and thereupon a verdict for the amount of said payments, and interest, was taken, by consent, for the plaintiff, which the defendant moved to set aside for error in said ruling; and the case was, thereupon, reserved for the opinion of the whole court.

*Fling & Blodgett*, for the plaintiff.

*Whipple & Mason*, for the defendant.

FOSTER, J. By the payment of the entire price of the New Jersey property, the defendant became indebted to the plaintiff for one half of the amount so paid. The agreement made after that debt was created was executory, and could only operate to discharge the debt, by way of accord and satisfaction; and to have that effect there must not only be an accord, but a satisfaction. *Clark* v. *Dinsmore*, 5 N. H. 136; *Rochester* v. *Whitehouse*, 15 N. H. 473; *Ranlet* v. *Moore*, 21 N. H. 336; *Woodward* v. *Miles*, 24 N. H. 293, and cases cited; *Green* v. *Davis*, 41 N. H. 71; *Amoskeag Bank* v. *Robinson*, 44 N. H. 506; *Carey* v. *Bancroft*, 13 Pick. 315. Indeed, it is elementary, that an accord without satisfaction is no bar to the original claim. Chitty on Cont. 837. There must therefore be                     *Judgment on the verdict.*