## GOWING *v.* THOMAS.

A plea which does not allege that an executory contract, pleaded as an accord and satisfaction, was accepted in satisfaction of the original contract, is bad.

ASSUMPSIT, by an indorsee against an indorser of a promissory note, of which one R. F. Carter was the maker. The defendant pleaded, in substance (fifth plea), that after making the promise as indorser, to wit, on etc. at etc., Carter became insolvent; that the plaintiff promised the defendant if he would organize a stock company for the purpose of owning Carter's property, and would raise money sufficient for that purpose, and obtain for the plaintiff the right to take stock in the company, he would take stock

to the amount of the note in suit and discharge his indebtedness against Carter and the defendant. The plea alleges performance on the part of the defendant, "and that in pursuance of said agreement the plaintiff did then and there relinquish and abandon his claim against the defendant."

The sixth plea avers that the plaintiff promised the defendant, if he would assist in raising money sufficient to form a stock company to own Carter's property and in getting up and organizing the company, that the plaintiff "would release the defendant from his supposed promise upon the note, provided said company was formed. And the defendant says he did assist in raising said money and in getting up and organizing said company, and that said company was formed. Wherefore he prays judgment," etc.

The plaintiff demurred specially. Demurrer sustained, and the defendant excepted.

*Alexander Dunnett* (of Vermont) and *Charles S. Griswold*, for the defendant.

*Smith & Sloane*, for the plaintiff.

SMITH, J. The defence pleaded is accord and satisfaction. Both pleas show that the new contract pleaded was executory. The averment is, that if the defendant should perform his promise the plaintiff would discharge his claim. The averment in the fifth plea, "that in pursuance of said agreement, the plaintiff, in manner and form aforesaid, did then and there relinquish and abandon his claim against the defendant," is the statement of the defendant's conclusion of law, and not the averment of a fact. There is no averment in either plea that at the time of the making of the new contract the plaintiff accepted the defendant's promise in satisfaction of his claim, or the new contract when executed as a satisfaction of it. If the new promise, or the new contract, had been accepted in satisfaction of the original claim, and the defendant had failed to perform, the plaintiff would have been driven to his action for damages for the breach. But the original claim never having been satisfied, the plaintiff can maintain his present action upon the note. For his breach of the new contract, if there has been any, the defendant may have his action for damages. *Woodward* v. *Miles*, 24 N. H. 289; *Rochester* v. *Whitehouse*, 15 N. H. 468; *Clark* v. *Dinsmore*, 5 N. H. 136; *Ranlett* v. *Moore*, 21 N. H. 336; *Green* v. *Davis*, 44 N. H. 71; *Amoskeag Bank* v. *Robinson*, 44 N. H. 503, 506; *Kenniston* v. *Bartlett*, 46 N. H. 517; *Kidder* v. *Kidder*, 53 N. H. 561; *Cary* v. *Bancroft*, 14 Pick. 315.

*Exception overruled.*

CHASE, J., did not sit: the others concurred.