Hillsborough, }
June 25, 1931. }

WILLIAM H. BARRY & a. v. MICHAEL BARTIS & a.

*Walter E. Kittredge* and *Frederick J. Gaffney,* for the plaintiffs.

*Lucier & Lucier* and *Karl E. Dowd,* for the defendants.

BRANCH, J. 1. The master had no authority to make an order dismissing the plaintiffs' bill and hence his denial of the defendants' motions was technically correct, but these motions were apparently designed to raise the question of the sufficiency of the evidence to sustain a decree for the plaintiff, and it has been assumed by both parties that they were adequate for that purpose. The question has therefore been considered.

The deed here involved was dated January 5, 1918, but was not recorded until July 12, 1918, the day after the plaintiffs' first execution was filed in the registry of deeds.

There was testimony that after the bill was served upon him the defendant Bartis still referred to the property as his, and said that the deed to Kudzma was "no good." There was testimony of admissions made by counsel who represented the defendants in the early stages of this proceeding to the effect that they would not assert the validity of this deed as a defence to the bill. The testimony of the defendants upon the stand in regard to the alleged sale from Bartis

to Kudzma might properly be regarded as incredible and was strongly suggestive of fraud. This evidence was clearly sufficient to sustain the master's findings of fraud and defendants' exceptions thereto must be overruled.

2. The defendants excepted to the admission of the testimony of the plaintiff Kittredge that an attorney, since deceased, who formerly represented the defendants in this proceeding, in the course of a preliminary hearing before the court, "admitted that the deed was what we claimed it was and was put on there to stop us from levying, if they could get in quick enough." The act of the attorney in making this admission was clearly one "touching the action and the proceedings connected therewith." (*White* v. *Hildreth*, 13 N. H. 104, 106), and hence within the scope of his authority. "The powers of an attorney, as an officer of the court, are very extensive. He may waive objections to evidence, make admissions in pleading or by parol, enter nonsuits and defaults, and may make any disposition of the suit and any admission of facts that the party himself could make." *Bryant's Case*, 24 N. H. 149, 153; *Alton* v. *Gilmanton* 2 N. H. 520; *Page* v. *Brewsters*, 54 N. H. 184; 2 Wig., Ev. s. 1063. This exception must therefore be overruled.

The defendants' remaining criticisms of the master's report raise no questions of law.

*Exceptions overruled.*

All concurred.