Grafton,
June 5, 1951. } No. 4038.

ROSAIRE J. COUILLARD, d. b. a. MAYFLOWER SALES & SERVICE.

*v.*

JOHN W. O'CONNOR & a.

*Robert A. Jones* (by brief and orally), for the plaintiff.

*John W. O'Connor, pro se.*

*Fred P. Carr* for the intervenor.

BLANDIN, J. Counsel for the intervenor Dubuque in open court waived any defect in the writ by which the mechanic's lien under Revised Laws, chapter 264, section 12, was allegedly secured. This action was within the scope of the attorney's authority (*Barry* v. *Bartis,* 85 N. H. 202) and under our decisions it binds Dubuque. *Burtman* v. *Butman,* 94 N. H. 412. The question before us, therefore, is whether the defendant O'Connor had such an interest in the garage building that the lien could attach. We believe that he did and it follows that the lien thus secured takes precedence over Dubuque's mortgages. *Caron* v. *Association,* 90 N. H. 560.

It is undisputed that the defendant borrowed the money to build the garage and that it was erected on Dubuque's land with his assent. The defendant used his own lumber, took complete charge of the

construction, named it "Jack's Garage" and planned to run it, as Dubuque "didn't want to be in the business anyway." Evidence was introduced without objection that O'Connor told a witness while it was being built, "Mr. Dubuque has nothing to do with it, the garage belongs to me." It also appears that the mortgages contained provisions that the heating plant and compressor which were installed in the garage were subject to any prior liens in the seller. Under these circumstances the Court was not only warranted in finding an implied agreement that the building remain O'Connor's property (36 C. J. S. 921, 922) but it may fairly be said that such an understanding was "almost necessarily implied." See *Dame* v. *Dame*, 38 N. H. 429, 433. Again, the Court could reasonably find here that the equitable rights of O'Connor were not extinguished by the mere fact that the garage was built on Dubuque's land, and upon this finding rule that the lien attached to these rights. *Cf. Marston* v. *Stickney*, 60 N. H. 112. In either event, the lien on the building was valid and the exceptions of the defendant O'Connor and the intervenor Dubuque relative thereto must be overruled. There being no others of merit, the order is

*Judgment on the verdict.*

All concurred.