Merrimack,
No. 4878.

JAMES F. LEONARD

*v.*

ARANOSIAN OIL COMPANY, INC.

Argued November 2, 1960.

Decided November 30, 1960.

*Francis E. Perkins* and *McLane, Carleton, Graf, Greene & Brown*
(*Mr. Brown* orally), for the plaintiff.

*Paul A. Rinden* (by brief and orally), for the defendant.

BLANDIN, J.   The plaintiff claims that the "only issue in this
case is whether, under the circumstances, the Trial Court's order
is 'what justice requires,' where the attachment problem had been
adjusted by agreement of counsel prior to the filing of the motion,
except with respect to the final adjustment on the $17,000 held in
escrow."   The defendant denies that any agreement was made and
argues that the plaintiff has not sustained his "burden of proof
to show that the attachment is not excessive or unreasonable" as
provided by RSA 511:53 (supp).

The record discloses ample evidence upon which it could be
found that the defendant originally employed Robert D. Branch to
represent it and that he made the agreement as to the attachment
with counsel for the plaintiff, as the latter claims.   This was the
view taken by the Court, which stated that where an attorney
representing a party made an agreement, even though he was later
discharged, "the agreement which was made should be carried out."

There is nothing on the record to indicate that when Attorney
Branch entered into the arrangement with plaintiff's attorney, he
exceeded his authority by dealing in the customary manner with
matters affecting his client's interests.   The authority of an attorney
is broad and includes making such an agreement as was made here.
*Barry* v. *Bartis*, 85 N. H. 202, 204.   The confusion and highly
undesirable consequences which would result were clients permitted
to discharge counsel who had represented them in negotiations and
thus disavow at pleasure the commitments made by them, are too
plain to require delineation.   In this state, agreements between
attorneys have been scrupulously upheld by the court.   *Burtman* v.
*Butman*, 94 N. H. 412, 415-116; *Couillard* v. *O'Connor*, 97 N. H. 89.
We see no reason to depart from this principle.

The terms of the arrangement between counsel were definite,
complete and are enforceable.   *Dedes* v. *Dedes*, 93 N. H. 215, 217;
Restatement, Contracts, s. 32.   It was clearly findable that the
agreement, involving the release of substantial sums of cash

110

urgently needed by the defendant to meet outstanding commitments was advantageous to it. Counsel for the plaintiff having agreed that the value of the property held under attachment, inclusive of the $17,000 in escrow, was $47,000, the Court properly ordered that $7,000 of the $17,000 held in escrow be released to the defendant, leaving $90,000 worth of security under attachment. It follows that the defendant's exception to the Court's order is overruled.

What has been decided renders unnecessary consideration of whether the plaintiff has sustained the burden of showing that his attachment "is not excessive or unreasonable" under RSA 511:53.

*Exceptions overruled.*

All concurred.