John **HARRISON**, Plaintiff, Appellee,

v.

Vernon C. **GOODEN**, Defendant, Appellee.

Appeal of Robert E. **HINCHEY**.

No. 7768.

United States Court of Appeals, First Circuit.

March 25, 1971.

---

John T. Barrett III, Dover, N. H., with whom Burns, Bryant, Hinchey, Nadeau & Cox, Dover, N. H., was on brief, for appellant.

Frederic K. Upton, Concord, N. H., with whom Upton, Sanders & Upton, Concord, N. H., was on brief, for appellee.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

PER CURIAM.

Harrison, a resident of Massachusetts, was injured in New Hampshire in an automobile accident. He employed Fiorentino, a Massachusetts attorney, to sue the other party, Gooden, a resident of New Hampshire. Fiorentino forwarded the case to appellant, Hinchey, a New Hampshire attorney. Hinchey prepared the case and brought suit against Gooden in the District Court for the District of New Hampshire. Thereafter Hinchey obtained from Gooden's insurer an offer to settle for $15,000. He communicated this fact to Fiorentino, with a favorable recommendation. Fiorentino so informed Harrison and Harrison authorized Fiorentino to state that the offer was accepted. Fiorentino so informed Hinchey, who notified the insurer. Hinchey dismissed the suit with prejudice and prepared a release which he sent to Fiorentino, who in turn sent it to Harrison. Some weeks later, having heard nothing further, and without having received the release, Hinchey asked the insurer to send him the money. In the interim Harrison had changed his mind and had told Fiorentino that he would not settle for $15,000 and would not sign the release, and that Fiorentino was discharged. Fiorentino failed to communicate this information to Hinchey.

The insurer thereafter forwarded Hinchey a check in the amount of $15,-

**1072**

000, payable to Hinchey as attorney for Harrison. On the back was the customary statement that endorsement constituted a full discharge of the claim. Hinchey cashed the check, deducted the one-third agreed-upon fee plus $200 in disbursements, and deposited the balance in a special account earmarked for Harrison. He sent Fiorentino one-third of the fee.

Harrison employed new counsel, who sued Gooden in the New Hampshire Superior Court. After a two-day hearing, that court made findings that Harrison had in fact authorized settlement of the case for $15,000; that counsel had settled the case in good faith, and that a claim by Harrison that Hinchey and/or Fiorentino had been guilty of fraud was unfounded. Hinchey was not a party to that suit.

The present proceeding was commenced by a F.R.Civ.P. 60(b) motion in the original district court action to vacate the dismissal with prejudice. The court found that "equity and simple fairness require that this plaintiff [Harrison] be allowed to go ahead on his original complaint" and allowed the motion. Faced with a viable suit, defendant's insurer again agreed to a settlement, this time of $19,000, provided that at least that part of the original $15,000 which Hinchey was holding for the account of plaintiff could be recovered. Defendant filed the present motion seeking restitution of the entire $15,000. Thereafter the court ordered Hinchey to remit to Gooden's insurer the $15,000, less the $200 disbursements and the portion of the fee which Hinchey had forwarded to Fiorentino, now deceased. Hinchey appeals from the part of that order that requires surrendering his own fee.

If the initial settlement had been fully accomplished it could be persuasively argued that Hinchey had earned his contingency fee and that no one had a right to recover it. Conversely, if the settlement was not binding, Hinchey would not have earned his fee, the insurer would not have received what it had paid for—an effective bar to any later suit by the plaintiff—and the court's ruling on restitution was correct. We see no reason to disagree with the district court's finding that the latter was the true situation. Hinchey has advanced no reason why he, as a non-party, can give binding effect to the New Hampshire Superior Court's contrary finding. It is true that Harrison's acceptance of the settlement offer formed a valid accord. However, an accord is not binding until there has been a satisfaction. Langlois v. Maloney, 1949, 95 N.H. 408, 415, 64 A.2d 697 (alternative holding); Gowing v. Thomas, 1892, 67 N.H. 399, 40 A. 184; Kidder v. Kidder, 1873, 53 N.H. 561; 6 A. Corbin, Contracts § 1269 (1962 ed.) (citing cases); 6 S. Williston, Contracts §§ 1838, 1842–43 (rev.Ed.1938); Restatement of Contracts § 417(a), (b) (1932); cf. Krock v. Electric Motor & Repair Co., 1 Cir., 1964, 327 F.2d 213, 216, cert. denied 377 U.S. 934, 84 S.Ct. 1338, 12 L. Ed.2d 298. Before the payment was received to complete the satisfaction Harrison revoked the accord and Hinchey's actual authority to receive the payment. Cf. Wind v. England Walton & Co., 1 Cir., 1923, 287 F. 97 (tender of performance is insufficient); 6 S. Williston § 1843 (rev.ed.1938). Furthermore, since receiving the satisfaction is the act giving binding effect to the settlement as a bar to the original claim, Hinchey had no more apparent authority to complete the agreement by the receipt of payment than any trial attorney has apparent authority to make a binding settlement.

We see, further, no abuse of discretion, from the standpoint of timeliness, in the court's entertaining a Rule 60(b) motion.

Affirmed.