Hillsborough,
No. 6174.

JACOB EIDA

*v.*

AMY W. STODDARD

April 5, 1971.

*Edward P. McDuffee* ( by brief and orally ), for the plaintiff.

*Wiggin, Nourie, Sundeen, Pingree & Bigg* and *Robert H. Hurd* ( *Mr. Hurd* orally ), for the defendant.

GRIMES, J. In this bill in equity, the trial court entered a decree, assented to by counsel, establishing the boundary line between the property of these parties and decreeing certain rights of the parties with respect thereto. Defendant's exceptions were reserved and transferred by *Flynn,* J.

The parties are owners of certain property in Hollis in this State which is separated by a common boundary, the Nissitissit River, a nonnavigable stream about thirty feet wide at this location. The Eida property is southerly of the river. In 1963 Stoddard started two actions against Eida. One was a bill in equity which sought to establish the boundary line between their properties, *i.e.,* whether the thread of the river as claimed by Eida or the southerly bank as claimed by Stoddard. The other action was in trespass, in which Stoddard made similar claims and sought damages for trespass. At a hearing before *Charles J. Flynn* as Master, Stoddard's own deed was disclosed to describe her boundary as the " center of the river. " The master recommended a decree which was entered by the court establishing the boundary at the thread of the river.

In 1966 Eida filed this bill in equity claiming that Stoddard had harassed him by erecting a fence and markers on his side of the river, removing his markers, and trespassing on numerous occasions. *Charles J. Flynn* was again appointed Master and, after hearing, made findings fixing the location of the thread of the river which was the boundary. After the master's report was filed, Charles J. Flynn had been appointed to the superior court and a hearing was set before him as justice. Mrs. Stoddard was unable to be present but her husband was present as was her counsel. Counsel for the parties entered into an oral agreement that an independent surveyor be hired to determine the location of the thread of the river. There is a dispute about some of the details, i.e., whether counsel and the surveyors of the parties were to be present. The survey was made by one Hills without anyone else being present and his report was filed with the court. The court, on August 6, 1969 after stating that the matter had come on for hearing and " the

parties appearing by counsel and being heard" entered a decree establishing the permanent boundary in accordance with the plan prepared by Hills and ordered the plan to be recorded and restrained both parties from placing any fill in the river which will alter the flow.

On December 3, 1969, Stoddard, now represented by new counsel, moved to set aside the decree because it was based on an alleged stipulation which was not clearly understood by her. This motion was followed by an affidavit of Mrs. Stoddard in which she stated that she did not understand the findings of Hills were to be binding on her and that she understood that the Hills survey was to be made in the company of attorneys for both parties. Subject to exception, the court on March 24, 1970, following a hearing, found on "all the evidence . . . that the decree of August 6, 1969 was assented to by defendant's counsel . . . acting within the scope of his authority and is binding on the defendant." We can find no reason on the record before us to disturb these findings.

It is well established that attorneys have broad powers in the conduct and disposition of civil litigation and that their action within the scope of their authority in matters concerning such litigation is binding on their clients. *Leonard* v. *Aranosian Oil Co.,* 103 N.H. 107, 165 A.2d 593 ( 1960 ); *Barry* v. *Bartis,* 85 N.H. 202, 155 A. 703 ( 1931 ); *Burtman* v. *Butman,* 94 N.H. 412, 54 A.2d 367 ( 1947 ); *Couillard* v. *O'Connor,* 97 N.H. 89, 81 A.2d 205 ( 1951 ); *Beliveau* v. *Amoskeag Mfg. Co.,* 68 N.H. 225, 40 A. 734 ( 1894 ). The assent to the decree of August 6, 1969 was within the scope of the authority of Mrs. Stoddard's attorney and it has been established since the earliest times that his assent is binding on her. *Alton* v. *Gilmanton,* 2 N.H. 520 ( 1823 ).

*Exceptions overruled.*