**Vivian Irene ADDISON**

v.

**Nancy Grace SOMMERS and Thomas Andrew Sommers.**

**Civ. No. T–75–111.**

United States District Court,
D. Maryland.

Nov. 25, 1975.

Joseph J. Askin, Baltimore, Md., for plaintiff.

Sidney G. Leech and Semmes, Bowen & Semmes, Baltimore, Md., for defendants.

THOMSEN, Senior District Judge.

The pending cross motions present questions in the field of executory ac-

cord, where "the law is in confusion". 6 Corbin on Contracts (1962), § 1268. Happily, this diversity action arising out of an automobile accident in Maryland is controlled by principles approved by both the Fourth Circuit and the Court of Appeals of Maryland.

Plaintiff, a resident of New York, seeks damages for personal injuries alleged to have been caused by an accident in Maryland on July 1, 1973, when an automobile in which she was a passenger, while stopped at an intersection, was struck from the rear by defendants' car. A medical report dated March 27, 1974, states that she "sustained a muscular-tendonous (whip-lash) sprain of her neck, contusions and sprain of both shoulders, and sprains of her dorsal and lumbar sacral spines"; that she had nerve tension, was given medicines and short-wave diathermy, and was still under active treatment.

Plaintiff's New York lawyer engaged a Baltimore attorney, who instituted this action in January 1975. At a scheduling conference in April arrangements were made for completing discovery, and a pretrial conference was set for September 11.

Meanwhile, before discovery was completed, settlement negotiations resulted in an offer by defendants' attorney to settle the case for $3,500 in exchange for a release. The offer was communicated to plaintiff by her attorney; she agreed to accept the offer; her acceptance was communicated by her Baltimore attorney to defendants' attorney, who thereupon dictated and mailed a letter to plaintiff's Baltimore attorney, which stated:

"This morning, Thursday, August 21, 1975, I communicated a settlement offer on behalf of the Defendants in the above-captioned case in the amount of $3,500.00. You discussed the settlement offer with your client, Vivian Irene Addison, and you called me back to communicate an acceptance of the settlement offer on behalf of your client in the above-captioned case. This settlement of $3,500.00 represents full settlement and satisfaction of all claims, damages and causes of action arising from the automobile accident of July 1, 1973, including any hospital liens, Blue Cross or Blue Shield liens, workmen's compensation liens or any other liens, claims, suits or causes of action.

"Enclosed please find a copy of the letter which I have written to Judge Thomsen under even date informing him of the settlement of this case. Also enclosed please find the original and three copies of Releases to be executed by your client in the above-captioned case. Upon receipt of the properly executed Releases, I will forward my client's settlement draft made payable to you and your client in the above-captioned case."

On the same day, August 21, defendants' attorney wrote this court (with a copy to plaintiff's attorney) as follows:

"This is to advise you that today the above-captioned case was settled. It is my understanding that it is the Court's procedure to automatically enter an Order of Dismissal after having been notified that the case has been settled. If this is not your procedure, please advise me in order that I might file the appropriate Order of Satisfaction."

Thereupon, in accordance with Local Rule 39,[1] this court entered the following order on August 25, 1975:

1. "39. SETTLEMENTS
"When the Court has been notified by counsel for all parties that a case has been settled, the Court may enter an order dismissing the case and providing for the payment of costs. Such an order of dismissal shall be without prejudice to the right of a party to move for good cause to reopen the case within a time set by the Court if the settlement is not consummated. Alternatively, the Court, upon being notified by counsel that a case has been settled, may require counsel to submit within sixty (60) days a proposed order providing for settlement, in default of which the Court may enter such judgment or other order as may be deemed appropriate.

"This Court having been advised by counsel for the parties that the above action has been settled,

"IT IS ORDERED that this action is hereby dismissed with each party to bear its own costs unless otherwise agreed, in which event the costs shall be adjusted between the parties. The entry of this Order is without prejudice to the right of a party to move for good cause within 30 days to reopen this action if settlement is not consummated.

"IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order, by United States mail, upon the attorneys of record for the parties appearing in this case."

Plaintiff has not executed the releases because (as she testified at a hearing herein on November 7) on or about September 8, while she was kneeling on the floor playing with a baby, she was unable to get up because of severe pain in her lower back, which still persists and which she attributes, in part at least, to the July 1973 accident.

On September 24 plaintiff's attorney filed a motion to vacate the August 25 order; that motion was opposed by defendants, who moved to enforce the settlement reached on August 21. A hearing on those motions was held on November 7, at which evidence of the facts set out above was produced, as well as a report of Dr. Clarence Q. Pair, of Mount Vernon, N.Y., dated September 20, 1975, which stated in pertinent part:

" * * * Mrs. Addison was going about her daily activities with only an occasional visit from her medical attendant until about ten days ago when immediately following an awkward movement of her back she experienced a very severe and disabling pain in her lumbo-sacral back, with radiation down into her thighs. The disabling pain was so severe and did not yield readily to muscle relaxants and to analgesics, that very likely possibility of a slipped Disc, was strongly considered. X-Rays of the lumbo-sacral spine were ordered and a Myelogram study to be done by an Orthopedic Surgeon and a Neuro-Surgeon, will be done if the X-Rays suggest it. Mrs. Addison's impression that Discogenic Surgery has been entertained is a bit premature, we do not at this time know whether Surgery will be done. Mrs. Addison's training as a Nurse, has increased her apprehension. Mrs. Addison's injuries are such that she will have recurring attacks of pain in her lower back. * * * "

It does not appear that anyone on behalf of defendants or their insurer ever tendered a check to plaintiff or her attorney until after the hearing on November 7, although defendants' attorney would have obtained and delivered such a check promptly upon receipt of an executed release.

* * *

This court concludes that there is no substantial difference between the Maryland law and the law of the Fourth Circuit on the questions presented; therefore, it is not necessary to decide any question of conflict of laws.

The decisions of the Maryland Court on issues of executory accord, accord and satisfaction and compromise and settlement have varied according to the facts of the particular case. The basic principle controlling such a case as this is stated in *Porter v. Berwyn Fuel and Feed Company, Inc.*, 244 Md. 629, 639, 224 A.2d 662, 667 (1966), as follows:

"Professor Williston in his treatise on contracts, 6 *Williston on Contracts* § 1847 (Rev. ed. 1938), states:

" 'It is often extremely difficult to determine as matter of fact whether the parties agreed that the new promise should be itself the satisfaction of the original cause of action, or whether they contemplated the performance of the accord as the satisfaction. Unless there is clear evidence that the former was intended, the latter kind of agreement must be presumed, for it is not a probable inference that a

creditor intends merely an exchange of his present cause of action for another. It is generally more reasonable to suppose that he bound himself to surrender his old rights only when the new contract of accord was performed.'

"Applying Professor Williston's theory to the case at bar, it may warrant the finding that an 'accord' was in existence but certainly not any 'satisfaction.' "

This statement of the controlling principle is in accord with the authorities relied on in a recent opinion of the First Circuit, *Harrison v. Gooden*, 439 F.2d 1070, 1072 (1 Cir. 1971).

In *Future Plastics, Inc. v. Ware Shoals Plastics, Inc.*, 407 F.2d 1042, 1047 (4 Cir. 1969), the Court relieved one of the parties from an accord, because satisfaction had become impractical because of consequent unforeseeable income tax burdens. The Court quoted with approval the following passage from an opinion of Judge Russell when a district judge, in *Hester v. New Amsterdam Casualty Co.*, 268 F.Supp. 623, 627 (D.S.C.1967):

"To deny a party the right to be relieved of an executory agreement made in connection with a suit, which agreement was made as a result of unilateral 'mistake, inadvertence, surprise or excusable neglect' and which may be vacated without prejudice to the other party, would be contrary to the liberal policy established by Rule 60(b) of the Rules of Civil Procedure. It would certainly be an anomalous situation and an obvious injustice, if relief from a judgment, agreed to because of a unilateral mistake or inadvertence, might be had under Rule 60(b) but similar relief from a settlement agreement, especially where, as here, it was contemplated it would subsequently be incorporated in an order and judgment of the Court, could not be had. No logical reason would invest an agreement of the parties, unconfirmed by the Court, with greater standing than a solemn judgment of the Court based on the agreement of the parties. While, of course, Rule 60(b) does not apply to this situation, it is expressive of a judicial policy which should be given weight in dealing with motions of this character and which represents the modern trend in the decisions."

Judge Russell's opinion contains a careful review of the entire subject. 268 F. Supp. at 626–630.

In the case at bar, as in *Hester*, the parties can be easily restored to the status quo, and there are no other circumstances which would make it inequitable to grant such relief.

Of course, different facts lead to different results. Cf. *Mungin v. Calmar S.S. Corp.*, 342 F.Supp. 484 (D.Md.1972) (Northrop, C. J.), and *Ader v. A. S. Abell Co.*, Civil No. 20000–W (D.Md., May 15, 1975) (Blair, J.).

The controlling facts here require the conclusion that there was an accord but no satisfaction, and that plaintiff may proceed with her case. The court intimates no opinion as to the extent of plaintiff's present disability, nor as to what part the accident of July 1, 1973, may play therein.

Plaintiff's motion to vacate the order of August 25, 1975, is hereby granted, and defendants' motion to enforce the settlement agreement is hereby denied.