Hillsborough
No. 7193

MARY R. DUCEY

v.

RUTH COREY

March 31, 1976

*Shaw & Robertson* and *Norman C. Gile (Mr. Gile* orally) for the plaintiff.

*Wadleigh, Starr, Peters, Dunn & Kohls* and *Eugene M. Van Loan III (Mr. Van Loan* orally) for the defendant.

PER CURIAM. The issue in this case is whether the trial court erred in not enforcing an out-of-court settlement between attorneys. We hold that it did not.

Plaintiff, a resident of Massachusetts, was injured in an automobile accident in New Hampshire on July 17, 1969. She consulted a lawyer in Massachusetts and was referred to a New Hampshire attorney (not her present attorney) who brought suit by writ dated April 30, 1971. Present counsel for the defendant through her insurer entered an appearance on her behalf. A deposition of the plaintiff was taken in January 1972 and a pretrial hearing was held in April 1972. Negotiations for settlement were conducted by plaintiff's then counsel and counsel for the defendant from the period January 1972 until January 1973 when counsel agreed to settle for $300 and plaintiff's counsel agreed to obtain releases. The case had been set to be tried beginning February 1, 1973, and defendant's counsel notified the clerk of court that the case had been settled. The clerk notified counsel for both parties pursuant to Superior Court Rule 48 that the court had been notified of the settlement and that agreements should be filed in court. RSA 491: App. R. 48 (Supp. 1975). Thereafter in March plaintiff's then counsel notified defendant's counsel that plaintiff refused to sign or accept the settlement.

Defendant then filed a motion to enforce the settlement. At the hearing on the motion, plaintiff testified without contradiction that she never authorized the lawyer to settle her claim, never heard a specific figure but was only told that the case was coming up, they had only offered a few hundred dollars and that he the lawyer would "get back" to her, that she had to go to Florida for her health and assumed the lawyer would tell her "what was going on, which he didn't" and when she returned home, she found the releases.

The trial court found that plaintiff's former attorney did not have express or implied authority to make the settlement and that the settlement was not completed and denied the motion to enforce the settlement. Defendant's exceptions were transferred by Keller, C.J.

Our rule regarding the power of an attorney to bind his client by settlement is, perhaps, the most liberal in the country. See Burtman v. Butman, 94 N.H. 412, 54 A.2d 367 (1947); Annot., 66 A.L.R. 107 (1930); Annot., 30 A.L.R.2d 944 (1953). However, in this case, there was a basis for the trial court's finding that there was no express or implied authority for the settlement. The motion to enforce the settlement sought a remedy in the nature of specific

performance which is governed by equitable principles. *Burtman v. Butman supra.* Although we reaffirm our existing law, we cannot say that on the facts of this case the denial of the motion was unwarranted. *See Harrison v. Gooden,* 439 F.2d 1070 (1st Cir. 1971).

*Exception overruled; remanded.*