Hillsborough
No. 7940

MANCHESTER HOUSING AUTHORITY

v.

PETER ZYLA & a.

April 25, 1978

*Craig, Wenners, Craig & McDowell,* of Manchester *(Joseph F. McDowell* orally), for the Manchester Housing Authority.

*Wiggin & Nourie,* of Manchester *(Wilfred J. Desmarais, Jr.,* orally), for the defendant.

## MEMORANDUM OPINION

The question in this case is whether the trial court erroneously refused to compel enforcement of an out-of-court settlement reached by the attorneys for their respective parties. We hold the trial court's refusal was erroneous.

This case arises out of an eminent domain action for the taking of land and buildings in the Civic Center Project in Manchester. Defendant obtained counsel to represent him in his claim for damages above the tender that had been paid by the Manchester Housing Authority when the properties were originally taken. Following the suspension of defendant's original counsel from the practice of law, defendant retained the firm of Wiggin & Nourie of Manchester, specifically contracting for the services of Attorney Dort S. Bigg, to represent him in this action.

By agreement of the parties the case was referred to the eminent domain commission and subsequently scheduled for trial on January 29, 1975. Negotiations for settlement were conducted and concluded the day before the trial date. Attorney William S. Orcutt, of Wiggin & Nourie, representing the defendant, and William Craig,

counsel for the Manchester Housing Authority, agreed to settle the case for $75,000. The eminent domain commission was notified of the settlement, and the scheduled trial was cancelled. Three months thereafter, Attorney Bigg notified the eminent domain commission that the defendant refused to sign the release or accept the settlement.

Plaintiff then filed a motion to enforce the settlement. At the hearing on the motion, defendant presented no direct evidence that the settlement was not authorized at the time it was made. Neither Attorney Bigg nor the defendant appeared to testify at the hearing. The only evidence tending to shed light on the subject of Attorney Orcutt's authority came from Attorney Bigg's letter to the eminent domain commission. In that letter, which advised the commission of the defendant's refusal to settle, Attorney Bigg stated that the defendant "has *now* advised that he did not intend to communicate authorization to make a settlement to this law firm and that our settlement was not authorized" (emphasis added). The trial court made no finding that Attorney Orcutt lacked either express or implied authority to settle the case, yet refused to enforce the settlement. *See Ducey v. Corey*, 116 N.H. 163, 164, 355 A.2d 426, 427 (1976). Plaintiff's exceptions were transferred by *King*, J.

It is firmly established that action taken in the conduct and disposition of civil litigation by an attorney within the scope of his authority is binding on his client. *Ducey v. Corey, id.*; *Burtman v. Butman*, 94 N.H. 412, 54 A.2d 367 (1947); *Alton v. Gilmanton*, 2 N.H. 520 (1823): "The authority of attorneys to make [settlement] agreements is, in practice, never questioned. It is essential to the orderly and convenient dispatch of business, and necessary for the protection of the rights of the parties." *Beliveau v. Amoskeag Co.*, 68 N.H. 225, 226, 40 A. 734, 734 (1894). Defendant offered no direct evidence that Mr. Orcutt acted outside the scope of his authority in negotiating the instant settlement, and in the absence of such a showing it was error to refuse to compel enforcement of the agreement.

*Exception sustained.*