Rockingham
No. 81-389

JOSEPHINE NORBERG

v.

JAMES FITZGERALD & a.

December 28, 1982

*Seth M. Junkins*, of Hampton, by brief and orally, for the plaintiff.

*Stephen R. Fine & Associates P.A.*, of Manchester (*Charles A. Meade* on the brief and orally), for the defendants.

Bois, J.  The defendants, James and Marian Fitzgerald, appeal from a Superior Court (*Contas*, J.) decision denying their motion to set aside a settlement agreement which they claim their attorney executed without their authority. We affirm.

The underlying subject matter of the litigation involves a dispute over a boundary line between the parties' real estate. In August 1976, the plaintiff, Josephine Norberg, filed a petition in superior court to quiet title to the land in dispute. After five years of unsuccessful negotiations, the case was finally set for trial on May 15, 1981. Four days before the scheduled start of the trial, the defendants met with their attorney and a surveyor and, after reviewing the case, stated that they would prefer to settle the matter out of court.

Mrs. Fitzgerald and her attorney gave conflicting testimony as to what happened subsequent to the May 11 meeting. The attorney testified that he contacted the plaintiff's counsel after the meeting and entered into negotiations that resulted in an agreement. According to the attorney's testimony, the terms of the agreement were orally communicated on May 14, 1981, to Mrs. Fitzgerald, who voiced no objections. The attorney stated that he signed the agreement believing that this action was within his authority and consistent with the wishes of his clients. He testified that after signing the agreement and returning it to the plaintiff's counsel, he received a letter from Mrs. Fitzgerald ordering him not to file the agreement with the court.

In sharp contrast to her attorney's account, Mrs. Fitzgerald testified that she obtained a copy of the agreement and reviewed it at length on May 12, 1981, the day after the meeting with her attorney. She stated that she found the agreement unacceptable at the outset and telephoned the attorney to voice her objections on the next day. She also claimed that she sent the attorney a registered letter on May 14, 1981, confirming the defendants' decision to reject the agreement. This claim, however, was inconsistent with her testimony, and other evidence, that the letter was dated May 19, 1981, and that it was received by her attorney on May 21.

On May 15, 1981, the date scheduled for trial, counsel for the plaintiff appeared at the courthouse and notified the clerk that the parties had reached an agreement. On May 22, 1981, the plaintiff's attorney filed the agreement with the trial court, which accepted and approved it. The defendants then filed a motion to set aside the settlement on the ground that their counsel was not authorized to enter into the agreement. The trial court found that the defendants' counsel had authority to settle the case and denied the motion. The defendants appeal from this decision.

1082

■ The defendants first contend that because the settlement involved realty, it was subject to the Statute of Frauds, RSA 506:1, and that their attorney, therefore, should have had written authorization from them in order to effectuate· the agreement. Although this is a creative theory, neither RSA 506:1 nor the case law supports this contention. RSA 506:1 provides: "No action shall be maintained upon *a contract for the sale of land* unless the agreement upon which it is brought . . . is in writing signed by the party to be charged, or by some person by him thereto authorized by writing." (Emphasis added.) We have long held that an agreement affecting a boundary line of adjoining landowners is not a sale of land. *Hitchcock v. Libby*, 70 N.H. 399, 402, 47 A. 269, 271 (1900). Such an agreement does not create or transfer title from one party to the other, but simply removes uncertainty as to the exact location of the boundary, and thus does not, as the defendants argue, require compliance with the Statute of Frauds. *Id.* at 402, 47 A. at 271.

■ The defendants also contend that the trial court erred in finding that their attorney had authority to settle the case. It is clear that attorneys have broad powers in the conduct and disposition of civil litigation, and that any actions within the scope of their authority are binding on their clients. *Manchester Housing Auth. v. Zyla*, 118 N.H. 268, 269, 385 A.2d 225, 226 (1978); *Eida v. Stoddard*, 111 N.H. 123, 125, 276 A.2d 12, 13 (1971). The authority of an attorney to make binding settlement agreements is essential to the orderly dispatch of business and the protection of the rights of the parties. *Manchester Housing Auth. v. Zyla*, 118 N.H. at 269, 385 A.2d at 226–27. Whether an attorney has authority to bind his client is a question of fact, and the trial court's findings will not be disturbed unless they are unsupported by the evidence or are erroneous as a matter of law. *Gauthier v. Robinson*, 122 N.H. 365, 368, 444 A.2d 564, 566 (1982); *see Town of Harrisville v. Clooney*, 122 N.H. 586, 587, 448 A.2d 381, 382 (1982).

■■ In this case, we find that the testimony of the attorney supported the trial court's ruling that he had authority to execute the agreement. *But see Sullivan v. LaFlamme*, No. C80-250-L (D.N.H. decided October 7, 1982) (summarized at 9 N.H.L.W. 251 (1982)). Although Mrs. Fitzgerald's testimony conflicted with her attorney's account, the trial judge had the responsibility for resolving such conflicts and was free to believe the attorney's version of the events, especially in light of the inconsistencies in Mrs. Fitzgerald's testimony. *See Murphy v. Bateman*, 121 N.H. 748, 750, 433 A.2d 1330, 1332 (1981); *Thompson v. Poirier*, 120 N.H. 584,

587, 420 A.2d 297, 299 (1980). Even if Mrs. Fitzgerald had revoked the attorney's authority after the execution of the agreement but before approval by the court, such action would in no way mitigate the binding effect of the agreement. *See Manchester Housing Auth. v. Zyla,* 118 N.H. at 269, 385 A.2d at 226; *Eida v. Stoddard,* 111 N.H. at 125, 272 A.2d at 13.

*Affirmed.*

All concurred.