Genevieve A. SCARFO

v.

CABLETRON SYSTEMS, INC., et al.

No. C–91–471–L.

United States District Court,
D. New Hampshire.

Jan. 25, 1994.

Eleanor H. MacLellan, Sulloway & Hollis, Concord, NH, for plaintiff.

Steven E. Grill, Devine, Millimet & Branch, P.A., Manchester, NH, for defendant.

## ORDER

LOUGHLIN, Senior District Judge.

Before the court is the plaintiff's Motion for Sanctions (doc. # 54). For the reasons stated below, the motion is granted.

### Background

This motion arises as a result of an ongoing discovery dispute between the plaintiff and defendant. The attorney for the plaintiff, Eleanor H. MacLellan of Sulloway & Hollis, filed an appearance in this case on February 3, 1993. The plaintiff's former attorney, Edwinna Vanderzanden of McNeill & Taylor, withdrew on April 14, 1993.

On March 10, 1993, Atty. MacLellan and several other members of the Sulloway & Hollis firm, commenced examination of personnel files of Cabletron employees. The examination took place as a result of interrogatories propounded by Attorney Vanderzanden requesting certain information concerning wages and benefits paid to other employees. Cabletron asserted that compiling this information was unduly cumbersome and instead agreed to allow the attorneys for the plaintiff to examine the files at the Cabletron office.

Attorneys for the plaintiff were permitted to examine the files of employees who were employed at Cabletron during the same time period as the plaintiff, Genevieve Scarfo. The attorneys examined approximately 4000 files, noting those files which contained documents of particular interest with the intention of copying the entire files at a later date. At the end of the allotted three days, the attorneys for the plaintiff were unable to complete the examination of the files and Cabletron refused them further access.

The parties continued to negotiate the terms under which the defendant would permit the plaintiff to complete the inspection of the files but failed to reach an agreement. On June 17, 1993, the plaintiff filed a Motion for Court Order Permitting the Completion of Document Inspection. On August 11, 1993 the plaintiff filed a Motion for Order Compelling discovery in which the plaintiff requested, *inter alia*, the production of 49 personnel files. The parties convened at an August 16, 1993, status conference at which time the defendant agreed to produce the requested personnel files upon court approval of a Stipulation for Protective Order. At that time, the court ordered the defendant to permit the plaintiff to complete the examination of the remaining files at the Cabletron office.

The plaintiff again commenced inspection of the personnel files however a disagreement arose as to the dates and times of the inspection. The disagreement prompted the plaintiff to file a Motion for Order Compelling Discovery on September 2, 1993. The court subsequently ordered the defendant to allow the plaintiff to complete the inspection of the remaining files.

On September 1, the 49 personnel files were produced along with a letter informing the plaintiff that medical information had been removed. Upon examination of the files, the plaintiff discovered that other documents had been removed from various files. On November 10, 1993, Attorney MacLellan notified Attorney Grill that documents were missing from 37 files. Attorney Grill responded in a December 3, 1993 letter that he had not yet spoken to his client concerning the matter. Apparently, some telephone conversations ensued however the matter was still unresolved on December 9, 1993, when Attorney MacLellan sent notice to Attorney Grill demanding a resolution by the following Monday. On December 10, 1993, Attorney Grill responded claiming that a number of the requested documents had already been produced and that all post 1991 documents had been removed from the files on the grounds that they exceeded the scope of discovery.

On December 16, 1993, the plaintiff filed a Motion for Sanctions. Following the filing of the motion, the parties proceeded to negotiate a settlement to this dispute. On December 21, 1993 Attorney Grill produced documents missing from several of the files. At

the same time, he denied that Cabletron was required to produce many of the documents arguing that the documents were not relevant to the case.

During the Christmas holidays, Attorney McDaniel stepped in for Attorney Grill and the parties continued the negotiation of this dispute. On January 4, 1994, Attorney MacLellan faxed a letter to Attorney McDaniel in which she outlined all outstanding discovery issues including issues unrelated to the current matter. The letter stated that Attorney MacLellan agreed to withdraw the Motion for Sanctions on the condition that all requested documents were provided. On January 5, 1994, Attorney Grill responded to each of the outstanding discovery issues agreeing to furnish all requested items that were in the possession of Cabletron. Despite this agreement among counsel, Cabletron rejected the settlement on January 6, 1994 and filed an objection to the Motion for Sanctions. The parties appeared before the court on January 14, 1994 for oral arguments on the Motion for Sanctions.

### Discussion

 A federal district court has the discretion to levy sanctions to avoid abusive litigation practices. *Brockton Savings Bank v. Peat, Marwick, Mitchell & Co.*, 771 F.2d 5, 11 (1st Cir.1985). In determining whether the conduct of a party was sufficient to warrant sanctions, the court is obligated to consider all relevant factors such as whether the party willfully violated court orders or deliberately delayed acting in the case. *Velazquez–Rivera v. Sea–Land Service, Inc.*, 920 F.2d 1072, 1076 (1st Cir.1990).

 The court, in considering all factors relevant to the instant case, finds that this is precisely the type of case in which sanctions are appropriate. The defendant has consistently resisted attempts by the plaintiff's attorney to examine files to which access was agreed. The defendant has placed arbitrary and unreasonable deadlines in attempting to cut short the plaintiff's examination of the personnel files. Furthermore, the defendant failed to provide access to the files even after agreeing to do so in the presence of the court on August 16, 1993.

The defendant has also resisted repeated requests from the plaintiff to supply 49 personnel files and when at last the files were furnished, the plaintiff discovered that documents had been culled. A lengthy and protracted process ensued whereby the plaintiff was forced repeatedly to make requests for the missing documents. The defendant continued to argue that the documents requested were not relevant to the suit when in fact they were clearly relevant. It was only upon the filing of a Motion for Sanctions that the defendant finally capitulated and fulfilled the plaintiff's requests.

The court makes the following findings. Sanctions in accordance with Rule 11 are hereby granted. Sanctions shall consist of attorney's fees in the amount of $2,400.00. This amount does not include the time spent in court at this hearing on January 11, 1994. Plaintiff's counsel, if she so desires, may submit a reasonable bill for the court hearing.

Additionally, Cabletron is fined $1,000.00 for their recalcitrance in cooperating in the discovery process. This order in no way impugns the integrity of Attorney McDaniel who acted very reasonably in this matter. Attorney McDaniel made a herculean effort to resolve this impasse by a reasonable agreement which was accepted by Attorney MacLellan and unfortunately was given the quietus by Cabletron.

 The court further orders the defendant to comply with the agreement reached between counsel in settling the outstanding discovery disputes. It is well settled in New Hampshire that an attorneys have the authority to bind their clients in a settlement. *Ducey v. Corey,* 116 N.H. 163, 355 A.2d 426 (1976); *Halstead v. Murray,* 130 N.H. 560, 547 A.2d 202 (1988); *Bock (Lundstrom) v. Lundstrom,* 133 N.H. 161, 573 A.2d 882 (1990). There has been a long tradition of enforcing settlements regardless of whether the settlement was reached in the attorney's office or before the court. *Lundstrom,* 133 N.H. at 164, 573 A.2d 882. Whether a settlement has actually been reached is a questions of fact.

**12**

In his letter of January 4, 1994, Attorney Grill outlined the discovery issues on which the parties agreed. In the closing paragraph, Attorney Grill asks whether Attorney MacLellan will withdraw the Motion for Sanctions based on agreement to the conditions outlined in the letter. In their appearance before the court, the attorneys represented that they had in fact disposed of all outstanding discovery issues but Cabletron refused to comply with the agreement. Attorney Grill then stated that the settlement was expressly conditioned on its acceptance by his client however, his letter of January 4, 1994 fails to mention that condition. Accordingly, the court finds that a settlement on the outstanding discovery issues was reached by the parties and orders Cabletron to comply with the agreement.

### Conclusion

The court hereby grants the plaintiff's Motion for Sanctions. Cabletron is fined $1,000.00 and ordered to pay attorneys fees in the amount of $2,400 as well as a reasonable fee for the appearance of Attorney MacLellan before this court on January 14, 1994.