Weaver v. Complex Medical            CV-95-222-B    08/19/97

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**


Mary Weaver

    v.                                                    CV-95-222-B

Complex Medical
Products, Inc., et al.


**O R D E R**

    Defendants Barbara Weston, Robert Weston, and David Weston move for summary judgment[1] on all ERISA claims against them on the basis that they were neither administrators nor fiduciaries of the health benefits plan established by plaintiff's employer, Complex Medical Products, Inc. ("Complex").[2]  In addition, Robert Weston moves to dismiss the stipulation dated August 11, 1995 and attachment dated September 14, 1995.  I address the motions of each defendant in turn.

---

[1]  Although styled as motions to dismiss, the defendants' filings contain either attachments or factual averments necessitating that I treat them, as did the other parties in the case, as motions for summary judgment under Fed. R. Civ. P. 56. These motions were also filed after the August 16, 1996 deadline for the filing of dispositive motions established in my endorsed order of July 26, 1996.  Considering that the Westons are appearing pro se and that the issues they raise are identical to those addressed in my January 23, 1997 order, I will consider their motions despite their untimeliness.

[2]  The background facts of this case are laid out in my order of January 23, 1997.

## I. Barbara Weston's Motion for Summary Judgment

Barbara Weston argues that she left the employment of Complex on March 4, 1994, prior to the May 1, 1994 establishment of the health benefits plan, and thus cannot be held liable as the plan's administrator. In my order of January 23, 1997, I found that Barbara Weston was a fiduciary based on her being named the plan administrator in the plan documents. Since that time, Great-West Life and Annuity Insurance Co. ("Great-West") has submitted a previously overlooked amendment to the plan's Summary Description, dated May 1, 1994, naming David Weston as the Plan Administrator. See Great-West Life and Annuity Insurance Company's Objection to Dismiss All Claims (document no. 58), Attachment A, ERISA General Information, p. 1. Based on his information, it appears that the plan documents support Barbara Weston's contention that she was not the Plan Administrator as of May 1, 1994. Unless the plaintiff submits evidence establishing the existence of a genuine factual dispute concerning this issue on or before September 15, 1997, I will grant Barbara Weston's motion for summary judgment.

## II. David Weston's and Robert Weston's Motions for Summary Judgment

David and Robert Weston also move for summary judgment, arguing that they were not the plan administrators, had no

2

authority to administer the plan, and were not fiduciaries.  I
addressed these issues in my order of January 23, 1997, finding
that David Weston was a fiduciary based on his identification as
the acting plan administrator and that Robert Weston was a
fiduciary because of his role in administrating the plan.  The
evidence recently submitted by Great-West further supports this
conclusion, and nothing submitted by the Westons persuades me
otherwise.[3]  Thus, David and Robert Weston's motions for summary
judgment are denied.

## III. Robert Weston's Motion to Dismiss Stipulation and Attachment

Robert Weston also moves to dismiss the stipulation dated
August 11, 1995 and the attachment dated September 14, 1995.  The
stipulation provided that the defendants were to make
arrangements for payment of all of plaintiff's outstanding
medical bills.  In the event that the plaintiff was not released
from her payment obligations, the stipulation provided that she
would be entitled to an attachment against Robert Weston.
Despite Robert Weston's apparent attempts to comply with the
stipulation, the defendants did not obtain releases of the
plaintiff's medical bills.  On September 12, 1995, I approved the

---

[3]  My decision to grant Great-West's motion for summary
judgment in my January 23, 1997 order also remains unaffected.

plaintiff's motion to enforce stipulation and request for attachment. This motion was assented to by Steven Grill, the defendants' attorney of record at that time.

Under Local Rule 7.3, "[s]tipulations shall bind parties . . . when filed in the proceeding and signed either by all counsel or parties to be bound." The stipulation in this case, signed by counsel for plaintiff and for the defendants, complies with this rule. Robert Weston argues that he did not authorize the stipulation, but offers no evidence to support this contention, other than an unsigned, unauthenticated draft of the stipulation with changes that he claims he sent to Mr. Grill. In addition, Robert Weston's own actions in attempting to comply with the terms of the signed stipulation undermine his argument.

In any case, "[t]he authority of an attorney to make binding settlement agreements is essential to the orderly dispatch of business and the protection of the rights of the parties." Norberg v. Fitzgerald, 122 N.H. 1080, 1082 (1982). Thus, "any actions within the scope of [an attorney's] authority are binding on [his] clients." Id. Attorney Grill's authority to enter into a stipulation on behalf of his clients is unquestioned here. Therefore, Robert Weston's motion to dismiss the attachment of September 14, 1995 and the stipulation upon which the attachment

4

is based is denied.

## IV. Conclusion

To summarize, I deny David and Robert Weston's motions for summary judgment and dismissal (documents no. 52 and 54). The plaintiff has until September 15, 1997 to present additional evidence concerning Barbara Weston's fiduciary status. Otherwise, Barbara Weston's motion for summary judgment (document no. 53) will be granted.

SO ORDERED.

_____
Paul Barbadoro
United States District Court


August 19, 1997

cc:   Peter D. Anderson, Esq.
      Marc L. Van De Water, Esq.
      Barbara Weston, pro se
      Robert E. Weston, pro se
      David Weston, pro se
      Jennifer A. Eber, Esq.