Merrimack, }
June 29, 1907. }

### HILL v. HILL & a.

A husband and wife cannot make a valid contract renouncing their marital rights.

If the provisions of a contract between husband and wife respecting property rights are dependent upon and inseparably connected with covenants renouncing marital duties and obligations, the entire agreement is void.

Where a written contract between husband and wife clearly discloses that a renunciation of marital obligations was one of the purposes sought to be accomplished thereby, extraneous evidence is not admissible to contradict such intent.

BILL IN EQUITY, to set aside a deed as fraudulent against the plaintiff's homestead and dower rights, and for other relief. Trial by the court. Transferred from the October term, 1906, of the superior court by *Wallace*, C. J.

In 18×8 or 1889, Samuel D. Hill, one of the defendants, owned and lived upon a farm in Loudon worth $5,000. His children were a son and a daughter, aged respectively eighteen and fifteen years. At this time the plaintiff was employed as Hill's housekeeper for about three years, after which she went to Connecticut. In November, 1894, he persuaded her to return to Loudon and marry him. She had no property, and the farm constituted his entire estate. She knew he owned the farm, would not have married him if he had not owned it, and married to gain a home and

her rights in the farm as his wife. The marriage took place November 22, 1894. On the morning of that day, and before the marriage was solemnized, Hill had a deed drawn up by which he conveyed the farm without consideration to his son, who was then twenty-one years old, reserving " one undivided half of the same to be held, owned, and enjoyed by the said Samuel D. Hill during the term of his natural life." The son was present at the wedding. Both he and his father concealed from the plaintiff the fact that the conveyance had been made, and permitted her to marry in the belief that Samuel D. Hill was still the owner of the farm.

In July, 1897, Mrs. Hill first learned of the conveyance, which was made for the purpose of preventing her from acquiring rights of dower and homestead in the farm, and was fraudulent and void as against those rights. Her knowledge of the transaction caused unpleasantness between herself and her husband; and on July 20, 1897, the following agreement under seal was drawn up with a view of settling their difficulties: " Whereas Samuel D. Hill  .  . . and Alice J. Hill, his wife, are desirous of living separate and apart, owing to certain difficulties which have arisen between them, therefore it is agreed between them, as follows: Said Samuel D. Hill, in consideration of the premises, hereby covenants, promises, and agrees with the said Alice J. Hill that she may at all times hereafter live separate and apart from him, that he will allow and permit her to be in such place or places and to carry on for her sole benefit such business as she may from time to time desire, that he will not trouble or molest her on account of her living separate from him, or sue, molest, or trouble any other person for receiving, entertaining, or harboring her, that he will not claim or demand any of her monies, earnings, or other property that she may possess, that he will pay to her for her own support and maintenance and to use as she may see fit the sum of two hundred dollars, giving her his promissory note therefor, payable on demand with interest annually, signed by himself and by his son, J. Swett Hill, both as principals. Said Alice J. Hill agrees, in consideration of the premises, that she will accept said note above described in place of all other interest or claim in or to his estate, and in case his death shall occur before hers, she agrees not to make any claim for dower or other interest in his estate, but to receive the said sum of  .  .  . two hundred dollars in full settlement and discharge of all interest of every kind which she may have in his estate by virtue of the marital relations."

The foregoing agreement was not executed until a year later, when the plaintiff signed it and received $200. In the meantime she lived with her husband as before, and remained with him upon

the farm for something over a year after she signed the agreement. At this time her husband and his son told her she must leave, and she returned to Connecticut, where she has since resided. The husband has occasionally visited her and lived with her one summer. She has spent the money received under the agreement and is without means of support.

The question of the validity of the agreement of July 20, 1897, is reserved. If it is held to be valid, the bill is to be dismissed; if it is invalid, there is to be a decree in the plaintiff's favor.

*Henry F. Hollis* and *Harry J. Brown*, for the plaintiff.

*Martin & Howe*, for the defendants.

BINGHAM, J. It is found that the deed of November 22, 1894, was fraudulent and void as respects the plaintiff. In this situation the case stands as though that conveyance had never been made, and the single question for our consideration is whether the agreement of July 20, 1897, is or is not void. The defendants say that it is valid and a complete defence to the plaintiff's position.

When the plaintiff and Samuel D. Hill married, they entered into a relation from which they could not relieve themselves by contract, and which while they live cannot be dissolved except with the assent of the state. So long as that relation continues, the law imposes upon them certain duties and obligations, and confers upon each certain rights in the other's property. If they can make a valid agreement between themselves touching their respective rights in each other's property,—a question not considered,—they cannot make a valid contract renouncing their marital rights; and if covenants of each kind should occur in the same contract, their validity would depend upon whether they were independent and their considerations distinct. If they were not, the whole agreement would be void. *Foote* v. *Nickerson*, 70 N. H. 496, 518.

The contract that was made between these parties in July, 1897, includes covenants that contemplate a renunciation of marital as well as a release of property rights; and the validity of the latter covenants, in the aspect of the case here considered, depends upon whether they are independent of the former and based upon distinct considerations. The preamble of the contract discloses that the moving cause for entering into it was the desire of the parties to live separate and apart from each other. With this object in view, they undertook to put an end to their marital duties and obligations and to release such property rights as had

arisen out of that relation. Samuel covenanted that the plaintiff might at all times thereafter live separate and apart from him and in such places as she might desire, that she might engage in such business as she saw fit and for her sole benefit, that he would not molest her on account of living apart from him, and that he would pay to her for her support and maintenance the sum of $200; and the plaintiff, in view of their desire to live apart and in consideration of Samuel's covenants that she might do so, agreed to accept the sum of $200 in discharge of his obligations to her, and in case he died before she did, not to make any claim for dower or other interest in his estate, but to receive that sum in full settlement and discharge of all interests of every kind which she might have by virtue of their marital relations. As Samuel's covenant that the plaintiff might live separate and apart from him forms a part, at least, of the consideration for her covenants, and as it cannot be known whether she would have entered into the contract but for his covenant that she might live apart from him, his covenant that she might do so is not independent of, and cannot be separated from, her covenants, and treated as valid, leaving the latter to stand. *Foote* v. *Nickerson, supra; Williams* v. *Park*, 72 N. H. 305, 311.

That the renunciation of marital obligations and duties was one of the purposes sought to be accomplished by the contract, is not obscure or doubtful. It was therefore not open to the parties to contradict this express intent by extraneous evidence; and if the evidence from which it was found—that the parties continued to live together for a time after the contract was made—was introduced for this purpose, it was incompetent and immaterial. *Bancroft* v. *Company*, 72 N. H. 402, 404; *Horne* v. *Hutchins*, 72 N. H. 211, 214. If it was introduced for the purpose of showing that the provisions of the contract relating to living apart had been waived, that fact is not found.

In accordance with the order made in the superior court, there should be a decree for the plaintiff.

*Case discharged.*

WALKER, J., did not sit: the others concurred.