Carroll,
No. 4307.

FRANK O. LEAVITT & a. v. CONSTANCE C. BENZING & a.

Argued May 4, 1954.

Decided September 8, 1954.

*Cooper, Hall & Cooper, John M. Brant* and *William H. Sleeper* (*Mr. Burt R. Cooper* orally), for the plaintiffs.

*Sulloway, Jones, Hollis & Godfrey* and *Irving H. Soden* (*Mr. Soden* orally), for the defendants.

BLANDIN, J. The first question before us is whether the defendants may now attack the decree of partition upon the ground that the committee failed to divide the land among the plaintiffs individually rather than by families. There was nothing in their original motion to set aside the report to direct attention to the point they now raise, the grounds stated then being that "The value of the several parts *as set off in the Commissioners' report* are not worth as much as the whole" property. (Emphasis supplied.) Later, after the Trial Court had entered "Judgment on report," the case was transferred to this court, the defendants' objections being that the division was not fair or equal and also that the court had ruled as a matter of law in denying the motion to set aside the report and judgment, that an oral offer of proof must be refused because "only fraud could be used to set aside the Commissioners' report." The previous opinion (*Leavitt* v. *Benzing*, 97 N. H. 118) handed down on July 2, 1951, overruled the exception that the division was not fair or equal, holding that the committee's finding on this was final, but said that the ruling that only fraud could be a ground for setting aside the report was error. The nature of the offer of proof did not appear in the transcribed case but the opinion stated that if it were such as tended to show that the committee were mistaken in deciding the lands could be partitioned without "great prejudice or inconvenience because they failed to consider" comparative values, the evidence should have been received, and ordered the case returned to Superior Court to decide whether justice required a rehearing.

Following this decision the defendants again moved that the report and judgment thereon be set aside among other reasons because the committee erred since "the value of said property as a whole is worth substantially more than the value of the parts set up by the reports of the said Committee." The Superior Court granted the rehearing which took place on July 6, 1952, and on that day the defendants filed in support of their motion a written offer of proof to show that "the value of the property as a unit was substantially greater than the value of the several parts, *as set off by the Commissioners.*" (Emphasis supplied.) Preliminary to this hearing, the following colloquy took place between the Court and defendants' counsel relative to the purpose for which the offer of proof might be received under the Supreme Court ruling.

"THE COURT: Perhaps I better get for the record again both counsels' views on what the Supreme Court means when it said in part: ' . . . but since the nature of the proof offered in support of the motion does not appear, we are in no position to hold the error prejudicial on the ground that evidence was offered which would warrant relief.'

"Now, Mr. Smart, for the record . . . is it your idea based on that statement that this Court should now receive certain testimony as bearing on the proposition that this property cannot be divided as it was by the Commissioners but has more value as a whole, if I express it correctly?

"MR. SMART: That is right, your Honor, the Commissioners failed to take into due consideration the value of the property as a whole as opposed to the several parts, and that its division did create damage to the party, that is, against the value of the whole. I understand on this decision I cannot go into the question of the actual division made by the Commission.

"THE COURT: That is my general understanding."

The Superior Court, following the rehearing, again approved the report. Only then and over two years after the first hearing did the defendants by an "Amended" bill of exceptions seek to inject their present contention, although the question was obvious from the moment the report was filed. The orderly and prompt dispatch of justice requires that issues be raised at the earliest practical opportunity. The record before us shows that this requirement was not met, the defendants' conduct being such as to divert attention from rather than direct it to the point now raised. In such circumstances we have repeatedly held that an exception will

not be considered. *Marchand* v. *Company*, 95 N. H. 422, 426. Cases cited by the defendants where in certain instances exceptions were considered, although not specifically taken at the trial, relate to situations where it was obviously the intent of the parties to raise an issue which was apparent on the face of the findings and rulings made and was often the single question involved. See *Plante* v. *Shortell*, 92 N. H. 38, 40. They are inapplicable to the present case where the question was not obvious and the emphasis of the defendants' contentions was calculated to focus the attention of Court and counsel on other matters. *Broderick* v. *Blaisdell*, 97 N. H. 338, 341.

The defendants also claim that the committee erred in not dividing among the parties a fraction of an acre consisting of a narrow strip of land between the highway and the lake across which there was evidence that the public had a winter right of way. The answer again seems to be that whether or not there was an agreement that there need be no division of this small portion as claimed by the plaintiffs, the defendants take nothing by their exception because they failed to bring up the point until after the case had been first argued in this court in spite of the fact that it was apparent when the report was filed. Even then, as shown by the colloquy between the Court and counsel prior to the hearing of July 6, 1952, the issue was injected apparently for the limited purpose of showing that the property could not be divided because the value of the whole was substantially greater than the aggregate value of the parts as actually set off by the committee.

The conclusions reached render unnecessary consideration of other questions and the order is

*Judgment for the plaintiffs.*

All concurred.