■ In the Matter of CHARLES EDWARDS, Also Known as CHARLES PENDER, Appellant, v PETER PREISER, as Commissioner of Department of Correctional Services of the State of New York, et al., Respondents.—Judgment unanimously affirmed. Memorandum: Appellant is presently serving an indeterminate sentence of 6 to 12 years imposed upon him following his conviction for manslaughter, first degree, in New York County in 1966. He was paroled in 1971. While on parole he was arrested, declared delinquent (two days later) and sentenced in 1973 to an indeterminate term with a maximum of four years for illegal possession of a weapon in the first degree. From the time of arrest until his sentence, also in New York County, on September 10, 1973 appellant was confined in jail for 415 days (413 of which

were on a parole violation warrant, i.e., delinquent time) on the weapons charge. At the time of appellant's 1973 sentence the sentencing court added: "To be served concurrently with any parole time owed by defendant, also, credit for time served." In his petition in the article 78 proceeding instituted in 1974 appellant contends that the 415 days' jail time already credited to his 1973 sentence must also be credited by respondents to the unexpired portion of his 1966 sentence. Appellant's reliance on section 70.25 of the Penal Law in support of this contention is misplaced. That section of the statute gives the sentencing court authority to impose a concurrent sentence in any case including one where the person is, as appellant, "subject to any undischarged term of imprisonment imposed at a previous time by a court of this state" (Penal Law, § 70.25, subd 1). The credit to which a person is entitled, however, is specified in section 70.40 of the Penal Law. That section provides in paragraph (c) of subdivision 3 that jail-time credit may be applied on the interrupted sentence only where (i) the subsequent custody was due to arrest based upon delinquency; (ii) the subsequent custody was based upon arrest other than for delinquency but the charge was dismissed; and, applicable here, (iii) the subsequent custody was based upon arrest other than for delinquency, conviction resulted *but jail time exceeded the sentence imposed* on the new conviction; then, the *excess jail time* is applied on the interrupted sentence, e.g., if appellant's 1973 sentence had been for a year he would have been entitled to 48 days' credit on his 1966 sentence. Because appellant was arrested on a new charge, convicted and sentenced to a term exceeding the 413 days (from date of delinquency to date undischarged sentence was resumed), he is not entitled to credit under the Penal Law (§ 70.40, subd 3, par [c], cl [iii]) on his interrupted 1966 sentence. (Appeal from judgment of Cayuga Supreme Court in article 78 proceeding to credit jail time.) Present—Marsh, P. J., Moule, Cardamone, Simons and Dillon, JJ.