■ In the Matter of JULIO RODRIGUEZ, Appellant, v ROBERT J. HENDERSON, as Superintendent of the Auburn Correctional Facility, et al., Respondents.—Judgment and amended judgment unanimously affirmed, without costs. Memorandum: Petitioner instituted this article 78 proceeding contending that he was denied parole release because he was improperly denied credit for 783 days jail time. In 1965 petitioner was sentenced to a 7- to 10-year term of imprisonment for assault, second degree. He was given his conditional release on May 19, 1972 after serving six years, two months and three days of that sentence. He was arrested on October 7, 1972, charged with attempted robbery, first degree, and sentenced in 1974 to a term of

imprisonment having a minimum of 3 years, 4 months and a maximum of 10 years for that crime. Shortly after he was received by the Department of Corrections, it was determined that he was eligible for immediate parole consideration. He met with the board on April 7, 1975, and his case was marked for reconsideration in 1977. Petitioner contends that he was denied parole release because he owed 2 years, 8 months and 24 days on his 1965 sentence, that his delinquency on that sentence was annulled by the trial court after his parole hearing and that he should, therefore, be given jail time credit for 783 days spent prior to the 1974 sentence on the robbery charge and immediately released. The 1974 sentence is the controlling sentence and the time served pursuant to the 1965 sentence satisfied the minimum period of imprisonment in the later 1974 sentence (Penal Law, § 70.30, subd 1, par [a]). The 783 days jail time could have been credited to the 1974 minimum but it was unnecessary in view of time served on the 1965 sentence. It was, therefore, credited only to the maximum term of imprisonment for the 1974 sentence (Penal Law, § 70.30, subd 3). Respondent was not entitled to credit it for jail time against his maximum term under the 1965 sentence (see Penal Law, § 70.40, subd 3; *Matter of Edwards v Preiser,* 51 AD2d 888), but whether he was entitled to it or not was immaterial. Respondent recognized that petitioner was eligible for immediate parole consideration and did not defer his release because of any supposed delinquency under the 1965 sentence. In view of the prior history of crime and mental illness contained in this record, there was no error in that decision. (Appeal from judgment and amended judgment of Cayuga Supreme Court—art 78.) Present—Cardamone, J. P., Simons, Dillon, Goldman and Witmer, JJ.