Hillsborough
No. 78-247

SARAH H. CULHANE

v.

ROBERT E. CULHANE

May 23, 1979

*Stebbins and Bradley P.A.*, of Hanover (*John S. Stebbins* orally), for the plaintiff.

*Robert R. Howard III*, of Henniker (*James D. Gleason* orally), for the defendant.

LAMPRON, C.J. This is an action in assumpsit by the plaintiff, Sarah H. Culhane, against the defendant, Robert E. Culhane. The plaintiff is seeking recovery of money due her pursuant to a written separation agreement executed by the parties on June 4, 1969, in Rochester, New York. The matter was submitted on an agreed statement of facts. The Trial Court (*Flynn*, J.) found that the agreement was enforceable and awarded damages of $19,169.05. The defendant excepted to the findings and rulings, and a reserved case was transferred. We overrule defendant's exceptions.

The parties were married on October 9, 1954, in the State of New York. Since 1963, the parties have lived separate and apart, and in 1969 they signed a written separation agreement "in conjunction with their oral understanding to obtain a divorce." The essential terms of the separation agreement are that the defendant pay the plaintiff forty-five dollars a week for support, maintenance, and education of the children until they reach the age of twenty-one; and that he pay the plaintiff forty dollars per week for her support. The separation agree-

ment expressly stated that it was to remain in "full force and effect subsequent to any [divorce] decree." The defendant obtained a divorce in Massachusetts in 1972. From the date the separation agreement was entered into until the day the action was commenced, the defendant has paid the plaintiff $18,065.75. The parties have stipulated that if the provisions of the separation agreement had remained in full force from 1969 until the date of this action the amount owed would be $37,235.00. Consequently, the amount in dispute is $19,169.05.

After the plaintiff brought a number of support actions, she commenced this action in assumpsit alleging a breach of the 1969 separation agreement itself. The parties agree that the State of New York, the place where the separation agreement was entered into, has the most "substantial connection" to the contract, and agree that the laws of that State should govern the contract's validity and performance. *See Narins v. Narins*, 116 N.H. 200, 202, 356 A.2d 665, 666 (1976). The pertinent New York law reads in full:

> A husband and wife cannot contract to alter or dissolve the marriage or to relieve the husband from his liability to support his wife or to relieve the wife of liability to support her husband provided that she is possessed of sufficient means and he is incapable of supporting himself and is or is likely to become a public charge.

> An agreement, heretofore or hereafter made between a husband and wife, shall not be considered a contract to alter or dissolve the marriage *unless it contains an express provision* requiring the dissolution of the marriage or provides for the procurement of grounds for divorce.

N.Y. GEN. OBLIG. § 5-311 (McKinney) (1978) (emphasis added).

The defendant contends that the word "express" embraces either written or oral agreements, and that the oral understanding to obtain a divorce therefore voids the separation agreement in its entirety.

▮ The plaintiff, on the other hand, argues that the word "express" was intended to include only those terms actually written into the agreement.The courts of New York have interpreted this provision to require that "an express recital of consideration to procure a divorce [must be] within the four corners of the agreement" before a separation agreement will be invalidated. *Collins v. Johnson*, 72 Misc. 2d 1034, 341 N.Y.S.2d 214, 216 *aff'd*, 75 Misc. 2d 489, 348 N.Y.S.2d 136 (1973). An "alleged 'collateral oral agreement', even if made is insufficient to invalidate [a] separation agreement." *Alexandre v. Davis*, 394

N.Y.S.2d 757, 759, 90 Misc. 2d 368 (1976). Under New York law the separation agreement is valid and enforceable. Similarly, there is no public policy in this State that would compel this court not to enforce this agreement. *Narins v. Narins*, 116 N.H. 200, 356 A.2d 665 (1976). The trial court properly ruled that this is "a legally surviving enforceable contract."

■ The defendant next argues that the plaintiff's obligation to obtain the divorce was consideration for his signing the separation agreement. The plaintiff's failure to pursue a divorce to completion, according to the defendant, renders the consideration inadequate, and voids the agreement. Every separation agreement "requires consideration to support it." 1 A. LINDEY, SEPARATION AGREEMENTS AND ANTE–NUPTIAL CONTRACTS § 7, at 7-2 (1978). "[W]here mutual promises are made, and the promises impose legal liabilities on the respective parties, the promises of one of them furnish consideration for the promises of the other." *Id.; see Herndon v. Herndon*, 227 Ga. 781, 183 S.E.2d 386 (1971). In the present case, both parties bargained for complete personal and economic freedom from one another, thus creating mutual promises. *See In Re Estate of Ratony*, 443 Pa. 454, 458, 277 A.2d 791, 793 (1971). Therefore we uphold the trial court's finding that the separation agreement is valid.

· The defendant finally argues that the plaintiff's cause of action should not prevail because of the doctrine of full faith and credit, and the bars of res judicata and collateral estoppel. The chronology of events from 1969, when the separation agreement was signed, until the present cause of action is as follows. In 1970, the plaintiff filed a petition for support against the defendant in the Family Court of New York. This petition was transferred under the Uniform Reciprocal Enforcement of Support Act to the Municipal Court of Boston. The Municipal Court ordered the defendant to pay $130.00 on the fourth and twentieth day of each month to plaintiff for the support of the two older children. In 1972, the defendant obtained a divorce in the Commonwealth of Massachusetts. The divorce decree required the defendant to pay the plaintiff $70.00 a week for child support. Thereafter, in 1974, the defendant filed a petition to modify the divorce decree in the Massachusetts Probate Court. He alleged that one of his children had reached the age of eighteen, and, because she was no longer a minor, the terms of the decree should be reduced. Consequently, the Massachusetts decree was modified on January 9, 1975, and defendant's child support obligation was reduced to only $40.00 per week.

In 1974, the plaintiff brought the present action in assumpsit alleging that the defendant had not complied with the terms of the separa-

tion agreement. Finally on January 29, 1974, the plaintiff brought another support action in New York. This action was transferred under the Uniform Reciprocal Enforcement of Support Act to the Hillsborough County Superior Court. The superior court ordered the defendant to pay $35.00 a week for child support. The defendant filed a motion requesting the court to reconsider its order on the grounds that the child in question had attained the age of eighteen. Subsequently, the superior court vacated the order.

The defendant argues that the validity of the separation agreement was necessarily an issue in plaintiff's support actions and in the defendant's action to modify the divorce decree. Specifically, defendant contends that the courts would not have issued the various support orders, which altered the terms of the separation agreement, if they had found the agreement to be valid. *See Knox v. Remick*, 358 N.E.2d 432 (Mass. 1976). Because this issue has by necessary implication been ruled upon against the plaintiff, the defendant concludes that the plaintiff should not have another chance to relitigate the validity of the contract. The defendant's argument relies on the bar of collateral estoppel. "Collateral estoppel, which is an extension of the doctrine of res judicata, bars the same parties, or their privies, from contesting in a subsequent proceeding on a different cause of action any question or fact actually litigated and determined against them in a prior suit." *Bricker v. Crane*, 118 N.H. 249, 253, 387 A.2d 321, 323 (1978). "[O]ur inquiry must be directed to the prior suit[s] to determine whether the question now raised was *directly in issue and actually tried.*" *Id.* (Emphasis added.)

By the express terms of the separation agreement it was to survive the entry of the divorce judgment and was not modifiable. *See Knox v. Remick*, 358 N.E.2d 432, 434 (Mass. 1976); *Jewett v. Jewett*, 79 Misc. 2d 76, 359 N.Y.S.2d 441 (1974); H. CLARK, DOMESTIC RELATIONS § 16.13 (1968). Although "a husband has obtained a reduction in his support obligations under a court order [as done here], the wife is entitled to recover [under the agreement] any difference between the amount he contracted to pay and the amount the judge has ordered him to pay." *Knox v. Remick*, 358 N.E.2d at 435. The previous actions to modify the support payments involve issues separate and distinct from any action to enforce the contract. It is true, as defendant asserts, that a court may decide not to modify a support order if such order were to contravene a valid separation agreement. *Knox v. Remick supra.* Nonetheless, it does not follow that a court which does modify a support order does so because the agreement is invalid. Modification of support orders may result from change of circumstances. A. VESTAL, RES JUDICATA/

PRECLUSION at V-194 (1969). Indeed, it appears from the stipulated facts that the support payment scheme was modified when the children attained the age of majority, and not because the separation agreement was found to be invalid.

■ "The party contending that an issue has been conclusively litigated and determined in a prior action has the burden of proving that contention." RESTATEMENT (SECOND) OF JUDGMENTS § 68, Comment at 153 (Tent. Draft. No. 1, 1973). The trial court by upholding the validity of the separation agreement found that the defendant had not satisfied this burden and that he had not proved the alleged defenses of full faith and credit and res judicata. We see no reason to overturn the trial court's findings.

■■ Defendant correctly maintains in his brief that parents may not bargain away the rights of their children to support. *Ryan v. Ryan*, 358 N.E.2d 431 (Mass. 1976). Hence orders for child support are modifiable by a court. *McRae v. McRae*, 115 N.H. 353, 341 A.2d 762 (1975). Nonetheless, an agreement made by parents allocating responsibility for the support of minor children should be enforced between the contracting parties to the greatest possible extent. *Knox v. Remick*, 358 N.E.2d 432, 436 (Mass. 1976). The trial court has ruled that the defendant is liable for child support payments under the agreement notwithstanding that child support provisions were modified by court orders. We find no basis in the record to overturn this ruling.

*Exceptions overruled.*

All concurred.