Strafford
No. 79-118

JEANNETTE SPERL

v.

CECIL PAUL SPERL

November 14, 1979

*Fisher, Parsons, Moran & Temple,* of Dover (*Edward T. Clancy* orally), for the defendant.

*Nadeau Professional Association,* of Portsmouth (*Gary H. Reiner* orally), for the plaintiff.

PER CURIAM. This is an action in assumpsit brought by the plaintiff, Jeannette Sperl, against the defendant, Cecil Paul Sperl. The plaintiff is seeking recovery of alimony due her pursuant to a New Jersey divorce decree. The principal issues for our consideration are whether the trial court abused its discretion in denying the defendant's motion for a jury trial, whether the defendant was denied due process, and whether the court erred in declining to modify retroactively the alimony arrearage due under the decree. We uphold the trial court.

The parties were divorced by decree of the Superior Court of New Jersey, Chancery Division, Bergen County, on January 4, 1964. Under the decree, the defendant was ordered to pay alimony to the plaintiff in the sum of $200 per month. The defendant is a resident of New Hampshire while the plaintiff resides in New Jersey.

In June 1977, the plaintiff brought suit in this State to recover past-due installments of alimony. In response, the defendant's counsel submitted an appearance card to the court on June 10, 1977, but did not indicate on the appearance card whether he desired trial by jury. Defendant's counsel did not learn of his error until sometime in April 1978. Thereupon, the defendant moved for a jury trial. After a hearing, the Court (*Mullavey,* J.) denied the motion.

The matter was to be heard on June 14, 1978, but pursuant to defendant's motion, the hearing was continued. The case was again set

for hearing on January 9, 1979, but the notice to the defendant was sent to the wrong law firm. Although there was a dispute whether notice was thereafter sent to the defendant's counsel, he claims not to have learned of the hearing until January 8. The defendant appeared on January 9, but the case was reassigned for the next day.

In the meantime, the plaintiff had filed a motion for summary judgment to which the defendant objected. At the hearing on January 10, the plaintiff offered into evidence the decree of the New Jersey court and her testimony regarding past-due installments. The defendant moved that the plaintiff's decree be registered, brought forward, and modified. The court granted the defendant's motion.

At the conclusion of the trial, the defendant was ordered to pay to the plaintiff alimony arrearage in the amount of $8,400, and the New Jersey decree was modified to eliminate any further alimony payments. Thereafter, the defendant moved that the court set aside and reconsider its verdict, on the grounds that under the law of New Jersey, the decree in question was not final. The Court (*Bean*, J.) denied the defendant's motion, and transferred defendant's exceptions.

■ Defendant argues that he has been denied the right to trial by jury. However, under superior court rule 8, RSA 491 App. R. 8, he waived his right by failure to make a request in accordance with the rule. His later motion was heard by the court and denied. We cannot say that the court abused its discretion in not granting relief from the rule. *Nassif Realty Corp. v. National Fire Insurance Company*, 107 N.H. 267, 220 A.2d 748 (1966).

■ Defendant further argues that he was denied due process because of inadequate notice of the hearing on the merits. In addition to the failure to receive notice until January 8, he also claims confusion as to whether the hearing would be on the motion for summary judgment which had not been acted on or on the merits. However, defendant did appear on January 9 and the matter was put over until the next day. On January 10, defendant filed a motion to register and modify the foreign divorce decree. After some discussion during which it was suggested that plaintiff might be entitled to a continuance in view of the issue of modification, it was agreed by both parties to proceed with the hearing. Under these circumstances, we cannot say that defendant was denied due process.

The defendant next argues that the trial court erred in declining to modify retroactively the alimony arrearage due under the decree. In support of this contention, the defendant asserts that the decree was

not properly admissible because it was not authenticated by the presiding judge of the foreign jurisdiction, and that the defendant's obligation to pay alimony was incorrectly determined with reference to New Hampshire rather than New Jersey law.

 The defendant's first allegation of error is without merit. Our prior cases have indicated that to enforce a foreign alimony decree, the plaintiff must present an authenticated copy of the judgment. *See Moore v. Moore,* 96 N.H. 130, 71 A.2d 409 (1950). *But see Culhane v. Culhane,* 119 N.H. 389, 402 A.2d 490 (1979). In this case, however, the decree was before the court pursuant to the defendant's motion to register. It is settled law that an objection to evidence is waived by one who subsequently introduces the same evidence. 88 C.J.S. *Trial* § 116 (1955); *cf. Leavitt v. Benzing,* 99 N.H. 193, 107 A.2d 682 (1954) (an exception will not be considered where the party's conduct was such as to divert attention from the issue).

The defendant's contention that the trial court erred when it applied New Hampshire law in determining the plaintiff's right to alimony arrearages is also not properly before this court. At the trial, the judge indicated that in his view New Hampshire law precluded modification of the arrearage. *See McCrady v. Mahon,* 117 N.H. 762, 378 A.2d 1143 (1977). In response to the court, counsel for the defendant said:

> Well your honor, we had offered to pay the arrearage, and *our main concern is not being prejudiced having to go down to New Jersey* and file modifications down there. The plaintiff is here. At the very least, if we're entitled to *modification from this day forward,* that in itself will be some relief to the defendant.

(Emphasis added.) The defendant's counsel failed to apprise the trial court of his view that the rights of the parties were to be determined in accordance with New Jersey law. It appears that he acquiesced in the court's decision to regard the arrearage as vested. Indeed, not until five days subsequent to the close of the trial did the defendant's counsel, in his motion to set aside and reconsider, inform the trial court of its apparent error.

 It is elementary that issues not raised at trial cannot be raised on appeal to this court. *Hauser v. Calawa,* 116 N.H. 676, 366 A.2d 489 (1976); *Wiggin v. Kent McCray of Dover, Inc.,* 109 N.H. 342, 252 A.2d 418 (1969). It is equally clear that the defendant's failure to except to the trial court's ruling regarding the alimony arrearage

precludes our consideration of the claim. *Bradbury v. Shaw*, 116 N.H. 388, 360 A.2d 123 (1976); *Leavitt v. Benzing*, 99 N.H. 193, 107 A.2d 682 (1954). Although this court has sometimes relaxed the requirement for exceptions, *see, e.g., Gove v. Crosby*, 100 N.H. 380, 128 A.2d 205 (1956); *McPhee v. Colburn*, 98 N.H. 406, 101 A.2d 458 (1953), we do not choose to do so in the instant case. *See Barton v. City of Manchester*, 110 N.H. 494, 272 A.2d 612 (1970). Here, the defendant's counsel indicated to the court that the arrearage was not in controversy. Rather, his intent was to secure a prospective modification and the modification was granted by the court. Accordingly, the defendant cannot now attack the court's ruling.

*Exceptions overruled; appeal dismissed.*

KING, J., did not sit.