Carroll
No. 81-331

## Barbara S. Leighton

v.

## Frederick L. Leighton

August 6, 1982

*Law Offices of James J. Kalled*, of Ossipee (*Robert G. Whaland* on the brief and orally), for the plaintiff.

*Shaines, Madrigan & McEachern P.A.*, of Portsmouth (*Robert A. Shaines* on the brief, and *Gregory Robbins* orally), for the defendant.

KING, C.J. The defendant, Frederick L. Leighton, appeals from a superior court order requiring that he pay the 1979 federal income taxes of the plaintiff, Barbara S. Leighton, pursuant to an oral agreement by the parties to file a joint return for 1979. We affirm in part, reverse in part, and remand.

In January 1980, a Master (*Fred W. Hall, Jr.*, Esq.) held a final hearing in the parties' divorce proceeding. At the hearing, the defendant's attorney approached the plaintiff and her attorney. In the presence of the master, but off the record, the defendant's attorney asked the plaintiff to agree to file a joint federal income tax return for the year 1979. The plaintiff agreed.

After the income tax filing deadline, however, the defendant informed the plaintiff that he had filed separately. The plaintiff had not filed any tax return. Thereafter, the plaintiff filed a motion with the trial court, seeking enforcement of the parties' oral agreement regarding their tax returns, and an order requiring the defendant to pay all of the plaintiff's 1979 taxes and her penalty for late payment and filing.

After a hearing, the master concluded that, although the defendant himself had not been present during the conversation concerning the agreement, the parties had entered into an enforceable agreement regarding a joint filing of their tax returns. The master recommended that the defendant be ordered to pay all the taxes and penalties assessed against the plaintiff. The Superior Court (*Wyman*, J.) approved the master's recommendation, and the defendant appealed.

The defendant first argues that there was insufficient evidence for the trial court to find that the parties had entered into an enforceable agreement. Even assuming that the defendant properly preserved this issue for appeal, we cannot find any merit to his argument. At the hearing on the plaintiff's motion, both the plaintiff and her attorney testified that the defendant's counsel asked the plaintiff to file a joint return, and that the plaintiff agreed. Additionally, the master who presided at the hearing was present during the conversation between the plaintiff and the defendant's counsel when the agreement to file jointly was made. *Cf. State v. Torres*, 121 N.H. 828, 830–31, 435 A.2d 527, 528 (1981). On the basis of the testimony, we conclude that there was sufficient

evidence to support a finding that an agreement had been reached. *Town of Harrisville v. Clooney*, 122 N.H. 586, 448 A.2d 381 (1982); *see Salem Engineering and Constr. Corporation v. Londonderry School Dist.*, 122 N.H. 379, 445 A.2d 1091 (1982).

Although the defendant himself was not involved in the conversation which led to the parties' agreement to file a joint return, the defendant's attorney did participate. As his representative, the defendant's attorney made an agreement which was binding on the defendant. *See Manchester Housing Auth. v. Zyla*, 118 N.H. 268, 269, 385 A.2d 225, 226 (1978); *see also Bower v. Davis & Symonds Lumber Co.*, 119 N.H. 605, 608, 406 A.2d 119, 121–22 (1979).

The defendant next contends that Rule 150 of the Superior Court Rules prohibits a binding oral agreement between the parties. We disagree. Rule 150 states that "[a]ll stipulations or agreements concerning actions affecting the marriage relation and property rights relating thereto, custody, support and alimony, shall be signed by the parties." This rule should be considered directory to avoid disputes, such as the present one, which may arise out of oral understandings. It should not be read to preclude our long-standing practice that oral agreements between attorneys are binding.

Because the master concluded that the parties had agreed to file jointly, he had the authority to enforce the agreement. We do not view his order that the defendant pay the plaintiff's taxes and penalties, that would not have accrued but for his breach of the agreement, as a modification of a previous order. The court's order was originally silent on the issue of what type of return the parties would file for 1979. The master's order, therefore, was not a modification, but rather an enforcement of a binding contractual agreement.

There is no evidence, however, that the defendant agreed to assume liability for *all* taxes that might have been assessed had the parties filed jointly. For that reason, we remand to the trial court for an equitable division of the amount of taxes and penalties that were payable by both parties, taking into consideration the amount that would have been owed had the parties filed jointly in accordance with their agreement.

*Affirmed in part; reversed in part; remanded.*

BOIS, J., dissented in part; the others concurred.

724

Bois, J., dissenting in part: I concur with the majority in its finding that an agreement existed as to the filing of a joint return. I would, however, remand the question as to whether or not the agreement also contained a representation that the defendant was to pay all the assessed taxes, as was ordered by the trial court.