Merrimack
No. 88-102

SALVATORE J. BOSSI

v.

YVONNE R. BOSSI

December 12, 1988

*Ross & Ross*, of Manchester (*David A. Ross* on the brief and orally), for the plaintiff.

*McSwiney, Jones, Semple & Douglas P.C.*, of Concord (*Ronna F. Wise* on the brief and orally), for the defendant.

JOHNSON, J. The defendant, Yvonne R. Bossi, appeals from the denial of her motion to enforce a settlement agreement entered into by her counsel and counsel for the plaintiff, Salvatore J. Bossi. The Superior Court (*Temple,* J.) approved the Master's (*Pamela D. Eldredge,* Esq.) recommendation not to enforce the settlement agreement. We find that the master was in error in allowing the plaintiff to repudiate the agreement. We therefore reverse and remand.

On July 15, 1986, the plaintiff filed a libel for divorce in the superior court against the defendant on the ground that irreconcilable differences had caused the irremediable breakdown of their marriage. RSA 458:7-a. The defendant filed an answer and cross libel on July 30, 1986. A final hearing was scheduled for February 16, 1988.

On February 12, 1988, counsel for the plaintiff and counsel for the defendant conducted extensive negotiations over the telephone in an effort to reach a settlement of the divorce. They agreed that counsel would exchange proposals and then confer with their respective clients before continuing negotiations. The final negotiation began with a discussion of a settlement proposal, made during earlier negotiations, on which they believed they had reached agreement. However, as they orally went over the terms once again, it became clear that there was a misunderstanding as to an important provision in the proposal. Given this misunderstanding, defendant's counsel suggested that the case go to trial. Plaintiff's counsel, however, wanted to continue negotiations. These negotiations eventually led to a final settlement agreement that same day, approved by each of the clients, as to all matters relating to the divorce. Following the agreement, counsel contacted their clients and expert witnesses to inform them that the matter had been settled.

On February 14, 1988, counsel for the plaintiff called defendant's counsel to inform her that the plaintiff was repudiating the settlement. Defendant filed a motion to enforce settlement on February 16, the date scheduled for final hearing, attaching unsigned permanent stipulations. These stipulations, prepared by defendant's counsel, set forth the terms of the settlement which had been reached by counsel on February 12. Upon plaintiff's request it was agreed by both counsel that the stipulations themselves would not be shown to the trial judge. The plaintiff feared that there would be prejudice if the motion to enforce settlement was denied. Therefore, the stipulations were not part of the record.

At the hearing held on February 16, plaintiff's counsel described the plaintiff following the settlement as "distraught," "emotionally crushed," and unwilling to settle on the terms of the agreement. He opined that perhaps the plaintiff "felt that the settlement had been forced on him by [his own] counsel," and, therefore, he had not "freely and voluntarily" entered into the agreement. Following the hearing, the master recommended that the motion to enforce settlement be denied and that the plaintiff pay "[d]efendant's reasonable attorney's fees and costs . . . incurred by reason of his repudiation," and answer defendant's interrogatories by February 19. The master rescheduled a hearing to be held on the merits on April 15. These recommendations were approved by the court on February 17, and this appeal followed.

On appeal, the defendant raises the question whether a master has discretion to allow a party to repudiate an agreement which has been entered into by counsel. The precise contours of the question as it arises in the present case are brought into sharp focus when we examine the facts which are not in dispute. Both parties stipulated that counsel for each side had "reached an oral agreement regarding final settlement." They also stipulated that the "final settlement [had been] . . . entered into by plaintiff's counsel with full authority from his client" and that plaintiff's counsel had conferred with his client "immediately prior to confirming the final settlement with defendant's counsel." Further, there is no dispute as to the terms of the final settlement. Under the facts of this case, the master was in error in allowing the plaintiff to repudiate the oral settlement agreement.

We have long held that "action taken in the conduct and disposition of civil litigation by an attorney within the scope of his authority is binding on the client." *Manchester Housing Auth. v. Zyla*, 118 N.H. 268, 269, 385 A.2d 225, 226 (1978). This principle has been most recently affirmed in *Halstead v. Murray*, 130 N.H. 560, 565, 547 A.2d 202, 204 (1988). The reasoning behind our "liberal" rule "regarding the power of an attorney to bind his client by settlement," *Ducey v. Corey*, 116 N.H. 163, 164, 355 A.2d 426, 427 (1976), is that the "authority of attorneys to make [settlement] agreements . . . is essential to the orderly and convenient dispatch of business, and necessary for the protection of the rights of the parties," *Beliveau v. Amoskeag Co.*, 68 N.H. 225, 226, 40 A. 734, 734 (1894). We have applied "our long-standing practice that oral agreements between attorneys are binding" in actions for divorce as well as in other civil actions. *Leighton v. Leighton*, 122 N.H. 721, 723, 449 A.2d 1213, 1215 (1982).

■ In the present case, the plaintiff stipulated that his counsel had the authority to enter into the settlement. In fact, plaintiff's counsel had obtained approval for the proposal immediately prior to making the agreement. Both parties, through counsel, stipulated that a final settlement had been reached, and both parties agreed as to the terms of the settlement. On authority of the cases cited above, the parties are bound to the agreement.

■ A stipulation will not be enforced, however, when it was signed "due to fraud, undue influence, deceit, or misrepresentation." *Durkin v. Durkin*, 119 N.H. 41, 42, 397 A.2d 304, 304 (1979). In a case like the present one, where an attorney enters into a settlement on behalf of his client, however, an inquiry into these factors goes to the question of whether the attorney had authority to make the agreement. *See Eida v. Stoddard*, 111 N.H. 123, 125, 276 A.2d 12, 13 (1971). Since the plaintiff stipulated that his counsel had such authority, actual or implied, it would be error for the master to consider here whether the plaintiff had "voluntarily" accepted the settlement.

The plaintiff argues, however, that even if he is bound by the settlement agreement, the payment of defendant's reasonable costs, including attorney's fees, as ordered by the court, should serve as an adequate remedy for his breach. The plaintiff fails to recognize that the issue before us centers around the law applicable to settlement of pending litigation, and not contract law.

■■ We emphasize that what we hold today is that the authorized oral agreement between counsel to settle the divorce proceeding is binding upon the parties. Our holding does not diminish the master's discretion, after a hearing, to accept or reject a settlement agreement based on its terms. Such discretion is especially great in a libel for divorce where minor children are involved. *See Comer v. Comer*, 110 N.H. 505, 507, 272 A.2d 586, 587 (1970). In this case before us, the master's refusal to enforce the agreement was not based on the terms of the agreement; at the plaintiff's request, the master was not made aware of the substantive terms of the agreement. We also emphasize that this is not a case in which the terms of the alleged settlement are in dispute. Defendant's request for attorney's fees is denied.

*Reversed and remanded.*

All concurred.