Hillsborough
No. 89-198

PELLA WINDOWS AND DOORS, INC.

v.

JACK FARACI AND CHERYL FARACI

August 27, 1990

*Rinden Professional Association,* of Concord (*Paul A. Rinden* on the brief and orally), for the plaintiff.

*Marshall D. Hickok,* of Manchester, by brief and orally, for the defendants.

PER CURIAM. The facts underlying this action are discussed in *Pella Windows and Doors, Inc. v. St. Mary's Bank,* which we also

decide today. The plaintiff, Pella Windows and Doors, Inc. (Pella) claims that although it had no express contractual relationship with Jack and Cheryl Faraci, these defendants nonetheless received and retained windows supplied by Pella, failed to pay Pella for them, and are therefore liable to Pella for the cost of the windows under the doctrine of unjust enrichment. After a bench trial, the Superior Court (*Goode*, J.) held in favor of the Faracis, and Pella appealed. We affirm.

■■ "The doctrine of unjust enrichment is that one shall not be allowed to profit or enrich himself at the expense of another contrary to equity." *Cohen v. Frank Developers, Inc.*, 118 N.H. 512, 518, 389 A.2d 933, 937 (1978) (quoting *American University v. Forbes*, 88 N.H. 17, 19–20, 183 A. 860, 862 (1936)). Where, as in the present case, no express contractual relationship exists between the parties, "a trial court may require an individual to make restitution for unjust enrichment if he has received a benefit [that] would be unconscionable to retain." *Petrie-Clemons v. Butterfield*, 122 N.H. 120, 127, 441 A.2d 1167, 1171 (1982). Unless it is unsupported by the record, we generally defer to the trial court's determination as to "whether the facts and equities of a particular case [warrant]" such a remedy. *R. Zoppo Co., Inc. v. City of Manchester*, 122 N.H. 1109, 1113, 453 A.2d 1311, 1314 (1982).

■ The record provides ample evidence that the Faracis' retention of the windows was not unconscionable; the Faracis spent well in excess of their originally anticipated construction costs—costs that were to have included expenditures for the windows in question, and which, according to Mr. Faraci, did include such expenditures. Furthermore, since the Faracis' excess expenditures were approximately double the amount claimed by Pella as unjust enrichment, it is reasonable to conclude that Pella actually fared better than did the Faracis when all was said and done. In weighing the equities, therefore, it is difficult to see in what sense the Faracis profited from, or enriched themselves by, any benefit they may have received at the expense of Pella. Thus, the superior court did not abuse its discretion in finding in favor of the Faracis.

■■ Pella also assigns error to the superior court's failure to produce a written opinion, RSA 491:15, and to its admission of certain bank records over the plaintiff's hearsay objection, N.H. Rs. Ev. 802, 803(6). Neither the superior court's omission, nor its evidentiary ruling, if error, was prejudicial to Pella's case, and neither,

therefore, would justify reversal. *See Attorney General v. Morgan*, 132 N.H. 406, 408, 565 A.2d 1072, 1074 (1989).

*Affirmed.*

HORTON, J., did not sit.